MATTHEWS v. SORRELLS & SEITZ.
(No. 5554.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 8, 1915.)

JUDGMENT ⬧255—PLEADING AND PROOF.

Judgment for plaintiffs in an action for destruction of grass by cattle cannot be sustained, the complaint being based solely on defendant having taken down the fence, and there being no testimony in support thereof, but positive testimony to the contrary.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 445; Dec. Dig. ⬧255.]

Appeal from Gonzales County Court; J. W. Holmes, Judge.

Action by Sorrells & Seitz against H. W. Matthews. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

Romberg & Duncan, of Gonzales, for appellant.

FLY, C. J. This is a suit for damages instituted by appellees against appellant. It was alleged that appellees had a written contract with appellant by which they were to "cut, rake, and shock" the "Johnson grass" on 60 acres of land belonging to appellant during the year 1914, and, in consideration of the right to cut and use said grass, they obligated themselves to deliver to appellant one-third of all the grass harvested by them. It was further alleged that two cuttings of the grass were made by appellees, and that they were prevented from making a third cutting by the fact that the cattle of appellant in an adjoining inclosure got into the inclosure rented by appellees and destroyed and consumed the grass. The basis of complaint against appellant is as follows:

"That after plaintiff had cut two crops of hay upon said meadow, and while the third was ready to cut, rake, shock, and market, defendant permitted and caused his stock of horses and mules, some 40 in number, to get into said meadow and utterly destroy same; that defendant's stock were kept by him in a pasture joining the meadow, and there opened into said pasture from said meadow a gap or gate which was constructed by stretching several barbed wires attached to two poles and fastened at one end to the fence and to a large tree at the other end; that these gaps or gates were amply sufficient to turn defendant's stock and had ever turned them until same were let down by some one and said stock permitted to enter into and upon the meadow aforesaid; that, on the first occasion of said stock being in said meadow, plaintiffs discovered them, and, turning them out, fastened up said gap so securely that it was impossible for stock to let it down or to break it down; that plaintiffs stapled said gap, or the wire with which same was fastened to the large tree to which it fastened, and, taking a large piece of barbed wire, wrapped it around the middle of the pole that attached to the tree, and stapled said large piece of barbed wire to said tree by which means it was impossible for stock to make an entry into plaintiffs' said meadow; that shortly after plaintiffs had so securely fastened said gap they were again at the meadow and found some 40 or more head of defendant's horses and mules in said meadow; that said gap was down, and it was plainly discoverable that same had been let down by some person; and plaintiffs say that they have reason to believe, and do believe, and so believing allege, that defendant let or caused said gaps to be let down to the end his said stock could get the benefit of the grass on said meadow growing."

The cause was tried by jury and resulted in a verdict and judgment in favor of appellees for $100.

It will be noted that the only ground of complaint against appellant is that the gap in the fence "had been let down by some person, and plaintiffs say that they have reason to believe, and do believe, and so believing allege, that defendant let or caused said gaps to be let down to the end that his said stock could get the benefit of the grass on said meadow growing." It is not alleged that the cattle were fence-breakers and had torn down the fence and that appellant made no effort to restrain them, but the sole charge is that appellant deliberately had taken down or opened the gaps or passways leading into the 60-acre inclosure in order that the cattle might pass into said inclosure and consume the grass. There is not one particle of testimony tending to support the allegations of the petition, and, on the other hand, appellant swore positively and unequivocally that he had not opened the gaps nor authorized any one else to do so. His tenant on the other place, where the cattle were kept, corroborated him in every particular, and all the testimony showed that appellant desired to prevent his cattle from trespassing on the 60-acre tract.

There is no testimony whatever to sustain the verdict of the jury, and the judgment will be reversed, and judgment here rendered that appellees take nothing, and that they pay all costs of this suit.